# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:05-CV-401-W

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | **ORDER** |
| **vs.** ) ) | |
| **CITY OF LOWELL,** ) ) | |
| **Defendant.** ) ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Judgment by Default (Doc. No. 8). The facts supporting the motion are these: Upon service of summons and the complaint, counsel for Defendant filed an appearance and obtained an extension of time, until 9 November 2005, to file a responsive pleading. Defendant's answer in the official court record bears a "filed" date stamp of 10 November 2005 (i.e., one day late), but contains an attorney certification that a copy of the answer had been served by mail on Plaintiff on 9 November 2005. However, the envelope containing the copy of the answer served on the Plaintiff by mail bears the original postmark of 11 November 2005 (i.e., two days late),[1] although the original postmark clearly appears to have been altered to look like it reads 9 November 2005 (the date the answer was supposed to be served).

Although Plaintiff's motion is captioned as a motion for *judgment by default*, the record shows that no *default* has yet been entered against the Defendant and so the Court will treat the

---

[1] Plaintiff retained the expert services of a forensic document examiner to view the envelope with infrared luminescence and confirm the true postmark as 11 November 2005.

motion as one for the entry of default pursuant to Fed. R. Civ. P. 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However,

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2682 (3d ed. 2006)). Applying these same principles to the facts at bar, the Court finds no justification for entry of default against the Defendant, especially where Plaintiff is in actual receipt of the answer, has suffered no obvious prejudice from the *de minimis* delay, and granting an entry of default would unfairly punish the City of Lowell for the neglect of its attorney. Accordingly, Plaintiff's Motion for Judgment by Default (Doc. No. 8) is DENIED, and Defendant's late answer is hereby accepted by the Court.

The Court is somewhat more troubled by the obviously altered postmark on the envelope containing the copy of the answer served on Plaintiff, and Plaintiff's allegations that counsel for Defendant engaged in "trickeries and deceptions" to cover up its tardiness. Counsel's purported response to these allegations, that she "was not present when the mail was processed and has no knowledge or comprehension of the postage date," is clearly an inadequate justification. As provided by Rule 5.3 of the North Carolina Rules of Professional Conduct, "a lawyer having direct

2

supervisory authority over the nonlawyer [assistant] shall make reasonable efforts to ensure that the nonlawyer's conduct is compatible with the professional obligations of the lawyer."

It is now, therefore, ORDERED that counsel for Defendant shall, on or before 1 December 2006, SHOW CAUSE why sanctions should not be awarded to Plaintiff for expenses incurred in securing the expert services of a forensic document examiner, including reasonable travel expenses to Wake Forest, NC, as provided in 28 U.S.C. § 1821.

IT IS SO ORDERED.

Signed: November 7, 2006

Frank D. Whitney
United States District Judge