# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:05-CV-401-W

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CITY OF LOWELL, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

THIS MATTER comes now before the Court upon Defendant's response to this Court's Show Cause Order (Doc. No. 22) and Plaintiff's motion to stay (Doc. No. 24).

By Order entered 7 November 2006, this Court denied the *pro se* Plaintiff's motion for entry of default and for judgment by default. The asserted basis for the motion was the fact that the envelope in which Defendant's responsive pleading had been served upon Plaintiff bore a postmark which was two days after the deadline set by the court for filing an answer. Furthermore, the postmark had been altered to appear as though it had been timely mailed [and thus effectively served, pursuant to Fed. R. Civ. P. 5(b)] two days prior. Counsel for Defendant responded[1] by claiming that a copy of the answer had been timely mailed but inadvertently misaddressed,[2] and that a second copy of the answer was re-mailed to the correct address two days later once the mistake was discovered. Counsel for Defendant further responded that she conducted a thorough investigation of every law

---

[1] Defendant's representation of events has been substantially clarified by its response to the Court's Show Cause Order.

[2] Apparently this first copy was mistakenly addressed to defense counsel's own client and not to Plaintiff.

firm employee involved in handling mail and that she found no indication or evidence that the postmark had been altered prior to its deposit with the U.S. Mail. Plaintiff, however, stated under penalty of perjury that the postmark had been altered prior to her receipt of the letter. Based on these conflicting representations of fact, and taking into account both the minimal prejudice to Plaintiff caused by the late receipt of Defendant's answer and the apparent lack of a bad faith motive on the part of defense counsel to fraudulently conceal the date of mailing, the Court did not (and does not now) find that judgment by default would be justified.

Although Plaintiff did not seek any relief other than judgment by default, this Court charitably construed her *pro se* motion as one for appropriate relief including sanctions less drastic than default judgment. Cf. Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). Accordingly, the Court ordered defense counsel to show cause why she should not be subject to monetary sanctions based on Plaintiff's allegation that the date on the postmark had been intentionally falsified, in light of the Court's perception that Plaintiff undertook the added financial burden of retaining the services of a forensic document examiner to investigate the authenticity of the postmark.

Plaintiff then filed a Notice of Appeal of this Court's denial of her motion for judgment by default. In a filing with the United States Court of Appeals for the Fourth Circuit (Doc. No. 22, Ex. A), Plaintiff indicates that she will accept no lesser sanction than a judgment by default. Specifically, Plaintiff stated that she "will not accept any restitution for the forensic analysis" and that should she be awarded monetary sanctions, she will mail the check back to the Court marked "rejected."

In this posture, the Court declines to award any monetary sanctions or otherwise attempt to

allocate fault, other than to admonish both parties that these recent events have regrettably detracted from the orderly and efficient progress of the litigation and that future instances of misconduct will be dealt with promptly by the imposition of appropriate sanctions.

Regarding Plaintiff's appeal, Plaintiff has filed a motion to stay proceedings in the District Court until a decision is rendered on her appeal, as well as a corresponding motion addressed to the Fourth Circuit requesting the same relief. In deference to the jurisdiction of the Court of Appeals, this Court will not require compliance with Fed. R. Civ. P. 26(f) and Local Rule 16.1 (regarding the initial meeting of parties and submission of a proposed discovery plan) until 30 days after the Fourth Circuit rules on Plaintiff's motion to stay, provided that said motion is denied. Plaintiff's motion to stay (Doc. No. 24), therefore, is GRANTED, IN PART.

IT IS SO ORDERED.

Signed: November 29, 2006

Frank D. Whitney
United States District Judge