# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL NO. 3:05-CV-401-W**

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| CITY OF LOWELL, | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on Plaintiff's motion for reconsideration of the Court's prior Order denying Plaintiff's motion for judgment by default (Doc. No. 33). Plaintiff's motion raises no new arguments or facts that were not adequately presented in the original motion, and therefore her motion for reconsideration is DENIED.

For purposes of clarifying the record, however, the Court would like to restate its reasons for denying Plaintiff's motion for default and judgment by default. The Court did not deny Plaintiff's motion because it necessarily believed defense counsel's account of events.[1] Rather, the Court denied Plaintiff's motion because, even if Plaintiff's version of events were accepted as true (i.e., that defense counsel was late in serving the answer to the complaint and then tried to cover it up), it is this Court's considered opinion that it would be unjust to impose such a harsh penalty as judgment by default against the City (which undoubtedly has done nothing wrong here) on account

---

[1] Indeed, the Court ordered defense counsel to show cause why she should not be personally sanctioned for the alleged misconduct, and decided not to award any sanctions primarily because Plaintiff herself refused to accept any lesser sanction than a default judgment.

of the negligence and/or misconduct of its attorney.

Neither the Defendant nor its attorney have gained an unfair advantage (or any "favor" with the Court) here. Indeed, from the point of view of the City, it is arguably Plaintiff who is attempting to gain an unfair advantage by seeking to obtain a favorable judgment based on a technicality rather than by proving the merits of her case at summary judgment and/or trial. Accordingly, the Court encourages all parties to let bygones be bygones and now to focus their energies on obtaining the discovery necessary to try this case on its own merits.

IT IS SO ORDERED.

Signed: August 24, 2007

Frank D. Whitney
United States District Judge