# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:05-CV-00401-FDW

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| CITY OF LOWELL, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER comes now before the Court upon Plaintiff's Motions to Strike Exhibit D of Defendant's First Set of Requests for Admission (Doc. No. 48) and Defendant's Expert Report (Doc. No. 49) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff, proceeding pro se, has misunderstood the function of Rule 12(f). Plaintiff's Motions are DENIED.

Plaintiff's argument centers around her objection to an exhibit contained within Defendant's First Set of Requests for Admission. Defendant's seventeenth request for admission asks Plaintiff to admit that Exhibit D, attached to the requests, reflects a C-2 zoning designation. (See Doc. No. 40.) Apparently, this request goes to the very heart of Plaintiff's claim and she has, understandably, refused to admit the designation in that exhibit. However, Plaintiff's method of objection—moving to strike the exhibit pursuant to Rule 12(f)—is inappropriate. Under Rule 36(a) of the Federal Rules of Civil Procedure, Plaintiff had only to deny Defendant's request if she found the exhibit objectionable. While this denial "must fairly meet the substance of the requested admission," Fed. R. Civ. P. 36(a), it is not an opportunity to attempt to litigate the disputed issue. Plaintiff need only

have denied the request for admission, perhaps augmenting her denial with a *brief* statement of why she beliefs the exhibit is false. No other response was required.

Nor is it now appropriate to attempt to litigate the zoning designation issue through a Rule 12(f) Motion. Rule 12(f) allows the Court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter *from any pleading*. Not only has Plaintiff failed to state how Exhibit D meets any of these criteria, but Rule 12(f) plainly applies only to pleadings, not discovery materials. Plaintiff's options regarding Defendant's First Set of Requests for Admission were (1) to deny the request or otherwise object to it pursuant to Rule 36(a), (2) to move for a protective order pursuant to Rule 26(c) if some specifically enumerated reason (e.g., annoyance, embarrassment, oppression, or undue burden or expense) existed, or (3) to simply wait until the appropriate time at trial to provide her own evidence tending to show her side of the story and disproving Defendant's allegedly false exhibit. Regardless of which option Plaintiff could have employed, Rule 12(f) is plainly not one of them.

Therefore, for the reasons stated herein, Plaintiffs Motions to Strike are hereby DENIED.

IT IS SO ORDERED.                               Signed: November 20, 2007

Frank D. Whitney
United States District Judge