IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05-CV-401-FDW-DCK

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF LOWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel..." (Document No. 51) filed January 28, 2008 and "Defendant's Motion For Protective Order..." (Document No. 53) filed January 29, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate disposition is appropriate.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will deny the pending motions.

The "Pretrial Order And Case Management Plan" (Document No. 30), filed May 18, 2007 declares that "[f]ailure to comply with any provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions...." (Document No. 30 at 8). The undersigned finds that both parties have failed to comply with several provisions of the case management plan in their instant motions and that these failures have caused, and will likely continue to cause, delays in this lawsuit, as well as an unnecessary expenditure of judicial resources.

Plaintiff's motion to compel seeks the production of documents requested from Defendant. The motion is deficient in several respects. First, the case management plan explicitly requires that

a "motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so." (Document No. 30 at 4). This motion to compel does not include such a statement. The case management plan further provides:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

Neither party appears to have made a sufficient good faith attempt to resolve the discovery disputes underlying the current motions before the Court.

Next, Plaintiff's motion is premature. The Federal Rules of Civil Procedure allow "[t]he party to whom the request is directed" to respond "within 30 days after being served." Fed.R.Civ.P. 37(b)(2)(A). Plaintiff's motion contradicts itself on the issue of timing; the motion declares "Defendant has had ample time to comply with Plaintiff's Request for the Production of Documents" and then soon thereafter concedes, as to at least three of the requests, "they still have plenty of time to comply." (Document No. 51 at 10). The undersigned is convinced that none of the requests for production of documents were "ripe" at the time the motion to compel was filed. In other words, Defendant still had ample time to comply with the requests, and if Plaintiff had consulted with Defendant, as was required, that fact would likely have been revealed.

The day after Plaintiff's motion to compel was filed, Defendant filed its motion for a protective order. This motion also violated the terms of the case management plan which provide: "[a]ny objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested." (Document No. 30 at 2).

2

Case 3:05-cv-00401-FDW-DCK   Document 55   Filed 02/06/08   Page 2 of 4

Based on the technical deficiencies of both motions, as well as the apparent failure of the parties "to attempt in good faith to resolve discovery disputes without the necessity of court intervention," the undersigned will deny the motions without prejudice. The parties are instructed to re-evaluate their positions and future filings with careful adherence to the case management plan, the Local Rules, and the Federal Rules of Civil Procedure – particularly Fed.R.Civ.P. 26, 34 and 37.

In furtherance of this instruction, the undersigned will allow a brief extension of time. Plaintiff is encouraged to revise her requests for production to be as specific as possible, preferably including addresses and dates and/or names associated with the information sought. Broad requests for documentation such as of "all waivers granted to the Caucasians," and for documents Plaintiff does not expect actually exist, will be vulnerable to future challenges. Plaintiff should insure that all requests are "relevant to any party's claim or defense" and are described with "reasonable particularity." See Fed.R.Civ.P. 26(b) and 34(b).

Defendant should be prepared to accommodate reasonable requests for relevant information. Neither party shall file a second motion to compel or motion for protective order without consultation with the other party and a good faith attempt to resolve any differences. If the parties still cannot resolve their differences, the Court will entertain appropriately filed motions at that time.

**IT IS, THEREFORE, ORDERED** "Plaintiff's Motion To Compel..." (Document No. 51) and "Defendant's Motion For Protective Order..." (Document No. 53) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until on or before **February 22, 2008** to revise her requests for production of documents.

**IT IS FURTHER ORDERED** that Defendant shall have until on or before **March 14, 2008**

3

to respond to Plaintiff's request for production of documents.

**IT IS FURTHER ORDERED** that other pertinent dates are modified as follows:

Discovery to be completed by **March 14, 2008**.

Mediation and the filing of a report on the results by **April 4, 2008**.

Motions deadline **April 18, 2008**.

**SO ORDERED**.

Signed: February 5, 2008

David C. Keesler
United States Magistrate Judge

4