IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05-CV-401-FDW-DCK

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CITY OF LOWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on non-party Samuel Ray Mitchem, Jr.'s "Motion To Quash" (Document No. 61), filed March 27, 2008; "Plaintiff's Motion To Compel" (Document No. 59), filed March 31, 2008; "Defendant's Status Report" (Document No. 62), filed March 31, 2008; and *sua sponte* for scheduling purposes. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will grant the non-party's motion to quash and deny Plaintiff's motion to compel.

On May 18, 2007, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 30) which included the following deadlines: Discovery Completion - February 29, 2008; Motions Deadline - March 31, 2008; Mediation Deadline - February 29, 2008. That order also included the following instruction on discovery completion:

> All discovery shall be complete no later than **February 29, 2008**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of

> the court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

(Document No. 30 at 2-3).

On February 6, 2008, the undersigned *sua sponte* extended deadlines in this case as follows: Discovery Completion - **March 14, 2008**; Mediation - **April 4, 2008**; and Motions deadline - **April 18, 2008**.

On March 17, 2008, three days after the discovery completion deadline, Plaintiff apparently served Mr. Samuel Ray Mitchem, Jr. - a non–party to this lawsuit - with a "Notice Of Subpoena" by U.S. Certified Mail. (Document No. 61 and 61-2). The subpoena commanded that Mr. Mitchem permit inspection of premises owned by him at 909 Lineberger Street, Lowell, NC 28098. (Document No. 61). Mr. Mitchem moved to quash the subpoena on March 27, 2008, and Plaintiff moved to compel Mr. Mitchem's compliance with the subpoena on March 31, 2008. (Document Nos. 61 and 59).

The undersigned will order that the motion to quash be granted and that the motion to compel be denied. Plaintiff's subpoena is subject to the "Pretrial Order and Discovery Plan" (Document No. 30), the extension of the discovery deadline to March 14, 2008, and the requirements of Federal Rule of Civil Procedure 45. As such, the subpoena served on or after March 17, 2008, at least three days after the discovery deadline, is untimely.

This Court has previously addressed the issue of service of a subpoena outside the discovery time period in <u>Mortgage Information Services, Inc. v. Kitchens</u>, 210 F.R.D. 562 (W.D.N.C. May 15, 2002). In <u>Kitchens</u> the Court opined in pertinent part:

> After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery. See, e.g., Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D.Ind. 2001) (noting that "**[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines**") (citing Sergent, 34 MD. B.J. at 58); Integra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal.1999) (observing that "**[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case**"); Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 443-44 (D.Minn.1997) (holding that subpoenas duces tecum meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore "subject to the same time constraints that apply to all of the other methods of formal discovery"); Rice, 164 F.R.D. at 557 ("Rule 45 subpoenas duces tecum ... constitute discovery."); 7 Moore's Federal Practice § 34.03[2][a] (stating that, "**[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders**").

Kitchens, 210 F.R.D. at 566 (emphasis added). The Court went on to note that "the emerging majority position among federal courts that have addressed it is to consider a Rule 45 subpoena to be 'discovery' that is untimely if filed and served following the close of the discovery period." Id.

In this case, Plaintiff failed to seek the inspection of Mr. Mitchem's premises until after the end of the discovery period. Furthermore, Plaintiff did not request an extension of time for additional discovery and also declined to comply with the Court's "Order" (Document No. 56) filed on March 17, 2008, which ordered that "[t]he parties shall file a joint status report with the Court on or before March 31, 2008 indicating the date set for mediation, and proposing revisions to future scheduling deadlines, should they still be necessary." (Document No. 56). Plaintiff did not respond to that order, or otherwise request any extensions of time for any deadlines in this case.

For the foregoing reasons, the Court finds Plaintiff's subpoena to Mr. Mitchem untimely. The undersigned, however, expresses no opinion on whether the subpoena was otherwise allowable, or on whether Mr. Mitchem may be subject to a properly issued trial subpoena.

**IT IS THEREFORE ORDERED** that the "Motion To Quash" (Document No. 61) is **GRANTED** and "Plaintiff's Motion To Compel" (Document No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that the following revised deadlines apply to this case:

Mediation Deadline  -  **April 9, 2008**;

Motions Deadline  -  **April 30, 2008**;

Trial  -  Judge Whitney's trial term beginning **July 14, 2008**.

The Clerk of Court is directed to send a copy of this Order to the Plaintiff, counsel for the Defendant, the Honorable Robert W. Kirby, and Mr. Samuel Ray Mitchem, Jr.

**SO ORDERED.**

Signed: April 2, 2008

David C. Keesler
United States Magistrate Judge