# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:05-cv-00401-FDW

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, )<br>)<br>Plaintiff, )<br>)     **ORDER**<br>vs. )<br>)<br>CITY OF LOWELL, )<br>)<br>Defendant. )<br>) | |

THIS MATTER comes now before the Court upon Plaintiff's "Motion to Reconsider" (Doc. No. 65) in which Plaintiff objects to her case being tried by a jury. Plaintiff requested a bench trial in her complaint, but Defendant's answer requested a jury trial. For the following reasons, Plaintiff's Motion is DENIED.

The Seventh Amendment to the United States Constitution states that the "right of trial by jury shall be preserved" where the value in controversy exceeds twenty dollars. This constitutional guarantee is essentially codified within Federal Rule of Civil Procedure 38(a), which states, "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Defendant's request in its answer that this case be tried by a jury satisfies the demand requirement within Rule 38(b) of the Federal Rules of Civil Procedure. Thus, Defendant has a fundamental and constitutional right to a jury despite the fact that "Plaintiff has never selected a jury and has no criteria in the selection of potential jurors or the appropriate questions to ask in screening them." (Doc. No. 65.)

In an effort to ease Plaintiff's mind as to the jury selection process, the Court directs Plaintiff to its Standing Order Governing Jury Selection and Instruction in Civil Cases, 3:07-mc-47, Doc. No. 5. In that Order, the Court details its method for the jury selection process. Each potential juror will provide the Court with a "Confidential Juror Questionnaire," copies of which will be made available to each party prior to jury selection. Based on these questionnaires and the responses to certain questions, asked primarily by the Court but also briefly by the parties, jurors will be selected using a "strike and replace" method. Plaintiff will be entitled to three peremptory challenges—challenges that need not be supported by reason, although a party may not use such a challenge in a way that discriminates based on race, ethnicity, or gender. These peremptory challenges are indicated on a form and then provided to the Court. The Court will then excuse those potential jurors. The Court will also entertain challenges for cause—a challenge supported by a specific reason, such as bias or prejudice, that would disqualify a potential juror. This process will continue until all the challenges for cause and peremptory challenges have been exhausted and eight jurors remain.

Accordingly, Plaintiff's Motion is DENIED and this case, if and when it proceeds to trial, shall be heard by a jury.

IT IS SO ORDERED.                                   Signed: April 15, 2008

Frank D. Whitney
United States District Judge