IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:05-cv-00401-FDW

| AURA LABRÓ KARAGIANNOPOULOS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| CITY OF LOWELL, | ) |
| Defendant. | ) |

THIS MATTER comes now before the Court upon Plaintiff's motion requesting that the Court "finally enter the Judgment by Default filed 11.21.05 for the relief demanded in the complaint." (Doc. No. 77.) This motion for default judgment is but the latest incarnation of several attempts on the part of pro se Plaintiff to obtain an entry of default and default judgment against Defendant.

On November 21, 2005, Plaintiff moved for judgment by default, alleging that Defendant's Answer was untimely and that Defendant had falsified the postage date to make it appear as if its Answer were, in fact, timely. The Court, construing Plaintiff's motion as one for entry of default,[1] concluded that there was "no justification for entry of default against the Defendant, especially where Plaintiff is in actual receipt of the answer, has suffered no obvious prejudice from the *de minimis*

---

[1] Pro se Plaintiff objected to this construction, calling it a "travesty of justice" (Doc. No. 24), but the Court notes that a default judgment, under Federal Rule of Civil Procedure 55, must be preceded by an entry of default. The Court was therefore following its duty to construe the motions of pro se plaintiffs charitably in order to prevent legal technicalities from hindering their claims.

delay, and granting an entry of default would unfairly punish the City of Lowell for the neglect of its attorney." (Doc. No. 14.) Plaintiff attempted to appeal this decision to the United States Court of Appeals for the Fourth Circuit, but her appeal was denied because this Court's order was "neither a final order nor an appealable interlocutory or collateral order." Karagiannopoulos v. City of Lowell, No. 06-2214, 2007 WL 1725488, at *1 (4th Cir. June 14, 2007). Undeterred, Plaintiff then filed a motion for reconsideration in this Court, reiterating her belief that defense counsel had made "fraudulent, deceptive statements to the Court" and that the Court was allowing Defendant to benefit from its counsel's fraud by denying default judgment. (Doc. No. 33.) The Court again denied the motion and attempted to explain its ruling, stating:

> The Court did not deny Plaintiff's motion because it necessarily believed defense counsel's account of events. Rather, the Court denied Plaintiff's motion because, even if Plaintiff's version of events were accepted as true (i.e., that defense counsel was late in serving the answer to the complaint and then tried to cover it up), it is this Court's considered opinion that it would be unjust to impose such a harsh penalty as judgment by default against the City (which undoubtedly has done nothing wrong here) on account of the negligence and/or misconduct of its attorney. . . . Neither the Defendant nor its attorney have gained an unfair advantage . . . . Indeed, from the point of view of the City, it is arguably Plaintiff who is attempting to gain an unfair advantage by seeking to obtain a favorable judgment based on a technicality rather than by proving the merits of her case at summary judgment and/or trial.

(Doc. No. 37.) In other words, it was, and remains, the opinion of the Court that entry of default and default judgment are wholly inappropriate means to deal with a pleading that may or may not have been filed two days late.

Accordingly, Plaintiffs current motion for default judgment, which raises no new facts or issues, is hereby DENIED.

IT IS SO ORDERED.

Signed: May 8, 2008

Frank D. Whitney
United States District Judge