IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05-CV-401-FDW-DCK

| | |
|---|---|
| AURA LABRÓ KARAGIANNOPOULOS, ) ) Plaintiff, ) ) v. ) ) CITY OF LOWELL, ) ) Defendant. ) ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Defendant To Produce Defendant's Statement Of Facts In Lieu Of The Court Order For Defendant To Produce Plaintiff's Request For Documents Nos. 2, 3, 4, 6, 7, 8, 9, 11, and 12" (Document No. 68), filed April 22, 2008; "Defendant's Response To Plaintiff's Motion To Compel (#68)" (Document No. 80), filed May 8, 2008; and "Plaintiff's Response To Defendant's Response To Plaintiff's Motion To Compel" (Document No. 82), filed May 12, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> Plaintiff's motion.

"Plaintiff's Motion To Compel..." primarily asserts various accusations of impropriety against Defendant's counsel, and seemingly argues the merits of Plaintiff's claims against Defendant. Plaintiff cites no authority and fails to articulate a persuasive rationale for a motion to compel. Clearly, Plaintiff is not satisfied with Defendant's disclosures and/or responses to discovery, but the

instant motion does not coherently argue that discovery requests were wrongfully denied, or specify any failure by Defendant pursuant to Federal Rule of Procedure 37.

Instead of describing information Defendant should be required to make available, Plaintiff seeks to compel Defendant to sign approximately ten (10) different "Statement of Facts." Apparently, on or before March 13, 2008, Plaintiff prepared this series of "Statement of Facts" that she has "insisted" Defendant's counsel sign. (Document No. 68 at 2). Defendant refused and has since responded that "[t]here is no procedure under which a responding party is compelled to sign a "statement" prepared by the opposing party, such [as] those plaintiff presented to defense counsel to sign." (Document No. 80 at 2). The undersigned agrees. Plaintiff cites no authority, and the undersigned is aware of none, that would require Defendant to sign a statement prepared by Plaintiff.

For its part, Defendant contends that responses have been provided to all discovery requests and that Plaintiff was allowed to search any public records in possession of Defendant at City Hall on March 13, 2008. Id. Defendant further contends that "plaintiff's accusations are without merit and appear to be an attempt by plaintiff to create unsubstantiated issues of fact, to refuse to accept the obvious, and to prolong ungrounded litigation." Id. at 3. Plaintiff's reply (Document No. 82) adds no clarity to the relief sought by Plaintiff's motion or any authority in support thereof.

If what Plaintiff intended by the current motion to compel could be construed as requests for admission pursuant to Fed.R.Civ.P. 36, the motion still fails, because Defendant's response is an effective and justified objection to requests for admissions.

The undersigned has attempted to view the instant motion in the light most favorable to the *pro se* Plaintiff; however, based on the foregoing, the undersigned cannot find cause to compel Defendant to take any action at this time.

**IT IS THEREFORE ORDERED** that "Plaintiff's Motion To Compel Defendant To Produce Defendant's Statement Of Facts..." (Document No. 68) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff, counsel for the Defendant, and the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: May 14, 2008

David C. Keesler
United States Magistrate Judge