# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:05-cv-00401-FDW[1]-DCK

| | |
|---|---|
| Karangiannopoulos, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| City of Lowell, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's motion entitled "Plaintiff's Motion for Judge Whitney to Reverse His Invalid Judgment; It Was Based on Martha Thompson's Frud [sic] On The Court With Her Fraudulent Exhibits 'A,B&C" [sic] and Perjurious [sic] Affidavits." The Court construes this motion as a motion for reconsideration of the Court's order granting Defendant's motion for summary judgment (Doc. No. 91).

## I. BACKGROUND

After a zoning dispute with the City of Lowell ("Defendant"), Plaintiff filed the above captioned action against Defendant alleging racial discrimination on September 19, 2005. Plaintiff alleged that previous white owners of her property had sold used cars there, while Plaintiff, who is Hispanic, was denied the opportunity to do so. After oral argument, the Court granted summary judgment to the defendant because the property is not zoned for used car sales, and past violations of zoning ordinances do not cause a municipality to be estopped from enforcing such ordinances. See City of Raleigh v. Fisher, 232 N.C. 629, 635 (1950). The court further held that there was no purposeful discrimination by Defendant in enforcing its zoning law. See Jetstream Aero Services,

---

[1] This Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. See 3:11mc67-W, Doc. 1.

Inc. v. New Hanover County, No. 88-1748, 1989 WL 100644 (adopting the standard set forth in LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980), requiring, *inter alia*, purposeful discrimination to support a claim of selective enforcement).

Plaintiff then appealed to the Fourth Circuit (See Doc. No. 95), and the circuit court affirmed the order granting summary judgment to the Defendant (Doc. No. 96) and an order denying Plaintiff's motion for default judgment (Doc. No. 79). The circuit court found Plaintiff failed to challenge this Court's findings with respect to the summary judgment order except for two "meritless" challenges to the court's decision to admit and review two items of evidence. As to the order denying Plaintiff's motion for default judgment, the circuit court found it to be "entirely without merit and, insofar as she claims there was a conspiracy between the district court and the City of Lowell, such claim is delusional" (Doc. No. 96, p. 2).

## II. DISCUSSION

Plaintiff's Motion for Reconsideration is DENIED. Not only has the issue already been brought up on appeal, where it was affirmed, but the time for filing a motion for reconsideration has expired. See Fed. R. Civ. P. 60(c).

Litigants are granted a "reasonable time" to request reconsideration. Fed. R. Civ. P. 60(c)(1). Here, Plaintiff requests reconsideration of an order issued in June 2008 (Doc. No. 91). Thirty nine (39) months have passed since the order. An appeal to the Fourth Circuit was made three days after the order (Doc. No. 93), and an opinion from that court was issued in December of 2008, thirty four (34) months ago.

Furthermore, the Plaintiff requests reconsideration because of an allegation of fraud. Fed. R. Civ. P. 60(c)(1) states explicitly that for motions for reconsideration alleging fraud under Fed. R. Civ. P. 60(b)(3), a "reasonable time" is "no more than a year after the entry of the

judgment or order or the date of the proceeding." That deadline has passed.

Therefore, Plaintiff's Motion for Reconsideration is DENIED.

Signed: October 14, 2011

Graham C. Mullen
United States District Judge