# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:05-cv-00401-FDW-DCK

| | |
|---|---|
| Karangiannopoulos, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>City of Lowell, )<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on three (3) motions filed by Plaintiff entitled:

1) "Plaintiff's Motion for Plaintiff's Official Judge Robert J. Conrad, Jr., As a Matter of Law, To Sign Plaintiff Motion Doc. No. 99 Filed 09/07/2011," (Doc. No. 101)

2) "Plaintiff's Motion for Judge Graham Mullen to Rescind His Conspiratorial Order #100 Executed on 10/14/2011 To Kill Plaintiff's Motion #99 and Plaintiff's Motion for Frank John's, Clerk to Correct His Conspiratorial False Docket Entry of Plaintiff's Motion #99 and Enter Plaintiff's Motion As It Was Originally Filed. It was a Motion for '...Martha Thompson's Fraud on the Court...'; It Was Not a Motion for Reconsideration; and Plaintiff's Motion for Judge Frank D. Whitney to Recuse Himself from his Usurpation of Judge Conrad's Case," (Doc. No. 102)

3) "Plaintiff's Motion to Call In a Federal Prosecutor for the 2006 Conspiracy Against Plaintiff Inside This Federal Court; and Judge Frank D. Whitey's and Frank G. Johns', Clerk and Martha Raymond Thompson' Fraud Upon the Court and Plaintiff's Motion for Frank G. Johns, Clerk To Sign, As A Matter of Law, Plaintiff's Judgment by Default (Doc. No. 8) Filed 11/21/05, and Petitioned Again

on 05/07/2008 In (Doc. No. 77)" (Doc. No. 103).

These motions were filed on October 24 and October 25, 2011, about ten days after the Court issued an order (Doc. No. 100) ruling on a motion from Plaintiff entitled "Plaintiff's Motion for Judge Whitney to Reverse His Invalid Judgment; It Was Based on Martha Thompson's Frud [sic] On The Court With Her Fraudulent Exhibits 'A,B&C" [sic] and Perjurious [sic] Affidavits" (Doc. No. 99)." The Court construed that motion as a motion for reconsideration of the Court's order granting Defendant's motion for summary judgment (Doc. No. 91), but one of Plaintiff's recently-filed motions objects to that characterization (Doc. No. 102, p. 6). Plaintiff's latest three motions are considered herein.

## I. BACKGROUND

After a zoning dispute with the City of Lowell ("Defendant"), Plaintiff filed the above captioned action against Defendant alleging racial discrimination. Plaintiff alleged that previous white owners of the property had sold used cars there, while Plaintiff, an Hispanic, was denied the opportunity to do so. After oral argument, the Court granted summary judgment to Defendant because the property is not zoned for used car sales, and past violations of zoning ordinances do not cause a municipality to be estopped from enforcing such ordinances. See City of Raleigh v. Fisher, 232 N.C. 629, 635 (1950). The Court further held that there was no purposeful discrimination by Defendant in enforcing its zoning law. See Jetstream Aero Services, Inc. v. New Hanover County, No. 88-1748, 1989 WL 100644 (adopting the standard set forth in LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980), requiring, *inter alia*, purposeful discrimination to support a claim of selective enforcement).

Plaintiff then appealed to the Fourth Circuit (See Doc. No. 95), and the Circuit Court affirmed the order granting summary judgment to the Defendant (Doc. No. 96) and an order denying

Plaintiff's motion for default judgment (Doc. No. 79). The Circuit Court found Plaintiff failed to challenge this Court's findings with respect to the summary judgment order except for two "meritless" challenges to the court's decision to admit and review two items of evidence. As to the order denying Plaintiff's motion for default judgment, the Circuit Court found the appeal to be "entirely without merit." (Doc. No. 96, p. 2)

## II. DISCUSSION

The latest three motions from Plaintiff (Doc. Nos. 101-03) rehash the same arguments and factual allegations that Plaintiff has alleged since this case was first filed over six (6) years ago. Plaintiff has filed thirty-four (34) motions, pleadings, and other notices with the Court in this case, and summary judgment was granted to Defendants (Doc. No. 91) over three (3) years ago. Plaintiff has twice appealed to the Fourth Circuit, the latest decision affirming the Court's order granting Summary Judgment to the Defendants (Doc. Nos. 31, 96).

Plaintiff first contends that the Clerk of Court fraudulently reassigned this case from Judge Conrad to Judge Whitney. Indeed this case was reassigned in July of 2006 once Judge Whitney was confirmed to the bench; however, that reassignment was publicly known and the parties were notified over five (5) years ago. Furthermore, it is within the discretion of the Chief Judge to administratively transfer cases to other judges, and this case has been justly adjudicated by Judge Whitney. See, e.g., United States v. Stone, 411 F.2d 597, 598 (5th Cir. 1969) ("District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice."); Clark v. Insurance Car Rentals, Inc., 42 F. Supp.2d 846, 847 (N.D. Ill. 1999) ("The decision of whether to reassign a case lies within the sound discretion of the trial court."); see also United States v. Gray, 876 F.2d 1411, 1414 (9th Cir. 1989) (holding that Plaintiff waived any challenge to the reassignment of Plaintiff's case by waiting a month to object).

The rest of Plaintiff's motions seem to allege a conspiracy between the City of Lowell, Defendant's attorney, Judge Whitney, the Clerk of Court, and in one of the latest motions (Doc. No. 201), the undersigned is also added to the list of conspirators. The Fourth Circuit has already ruled on this issue, saying "insofar as [Plaintiff] claims there was a conspiracy between the district court and the City of Lowell, such claim is delusional" (Doc. No. 96, p. 2). Therefore, the Court DENIES all three of Plaintiff's motions as frivolous.

Plaintiff continues to file frivolous motions re-alleging facts that have previously been ruled on not only by this court, but by the Fourth Circuit as well. Therefore, **the Court warns Plaintiff that any further filing of frivolous motions will result in a pre-filing review order**. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986); see also Fed. R. Civ. P. 11. In fact, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. While Plaintiff will always have access to the courts, pre-filing review will significantly restrict what may be filed. See Id. ("Considerable discretion necessarily is reposed in the district court. [Plaintiff] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from *any* access to the court.").

### III. CONCLUSION

IT IS THEREFORE ORDERED:

    (1) Plaintiff's latest three motions (Doc. Nos. 101-03) are DENIED.

    (2) Plaintiff is WARNED that further filing of frivolous motions will result in a pre-filing review order.

Signed: December 13, 2011

*Graham C. Mullen*
Graham C. Mullen
United States District Judge